<u>UNITED STATES DISTRICT COURT</u>
<u>FOR DISTRICT OF NEW JERSEY</u>

_____
                              :
CLINT WALKER,                 :
                              :
            Petitioner,       :        Civil Action No.
                              :        11-0400 (PGS)
         v.                   :
                              :
GREG BARTKOWSKI et al.,       :
                              :            <u>ORDER</u>
            Respondent.       :        <u>AND NOTICE</u>
_____:


        Petitioner filed a <u>pro se</u> Petition, pursuant to 28 U.S.C. §
2254, and it appearing that:

1.   The Petition, as drafted, is ambiguous as to the claims
     Petitioner wishes to litigate in this matter, since the
     Petition lists challenges raised by Petitioner during his
     post-conviction relief proceedings before the Law Division
     and Appellate Division of the Superior Court of New Jersey,
     but the Petition leaves it to this Court's imagination which
     claims Petitioner is wishing to litigate in the instant
     action.   <u>See</u> Docket Entry No. 1.

2.   Moreover, the Court's examination of the Appellate
     Division's decision with regard to Petitioner's post-
     conviction relief indicated that Petitioner's counseled
     brief raised only three issues, and Petitioner's <u>pro se</u>
     brief raised only another two.   <u>See</u> <u>State v. Walker</u>, 2010 WL
     2794406 (July 12, 2010).   In contrast, the section of the

instant Petition, which refers to Petitioner's post-conviction relief challenges, lists over dozen issues. These incoherence suggests that Petitioner might have "repackaged" his own perceptions of the five issues that had been litigated during his post-conviction proceedings into more than a dozen issues which Petitioner might be wishing to litigate in this matter.

3. Since Petitioner has filed an application for a writ of habeas corpus under 28 U.S.C. § 2254, this Court is required, pursuant to the holding of <u>Mason v. Meyers</u>, 208 F.3d 414 (3d Cir. 2000), to notify Petitioner of the following consequences of filing such an application under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and to give Petitioner an opportunity to file one all-inclusive § 2254 application.  Under the AEDPA, petitioners challenging the legality of their detention pursuant to a State decision must marshal in one § 2254 application all the arguments they have to collaterally attack that decision and, except in extremely limited circumstances, file this one all-inclusive application within one year of the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review.  <u>See</u> 28 U.S.C. § 2244(d).

4.   In addition, since Petitioner's instant Petition is
     ambiguous not only as to the claims Petitioner is wishing to
     litigate in this matter but also as to the due exhaustion of
     Petitioner's challenges, the Court finds it warranted to
     detail to Petitioner the concept of exhaustion.   It is a
     requirement of every § 2254 petition that federal
     constitutional claims be addressed on the merits in State
     court and fully exhausted prior to the filing of a habeas
     petition in federal court.   See, e.g., Granberry v. Greer,
     481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509, 516-18
     (1982); Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).
     This means that each of the claims heard by the state courts
     must be the "substantial equivalent" of the claims asserted
     in the federal habeas petition; in other words, both the
     legal theory and factual predicate of each particular claim
     presented for federal habeas review must be materially the
     same as those of the corresponding claim presented to all
     levels of state court.   See Picard v. Connor, 404 U.S. 270,
     275-77 (1971).   The rationale of the "substantial
     equivalent" requirement is self-evident in light of the
     standard of review applicable to federal habeas actions:
     habeas relief focuses on whether the state court's
     adjudication of the petitioner claim "resulted . . . or
     involved an unreasonable application of . . . Supreme Court

                                   3

precedent." 28 U.S.C. § 2254(d). If the legal theory and/or the factual predicate of each claim presented to the state courts differed from the legal theory and factual predicate of the claim presented for federal habeas review, the federal court cannot just "guess," without a record, whether the state courts would have adjudicated the particular legal-theory-and-factual-predicate claim offered for federal review in a fashion not unreasonable under the applicable Supreme Court precedent. Here, the Petition neither articulates, with clarity, Petitioner's current claims nor details, with clarity, the federal legal challenges and factual predicate that were raised by Petitioner before the state courts with regard to each such current claim.

IT IS therefore on this ___22___ day of _Murch_, 2011,

ORDERED that Petitioner has 30 days from the entry of this order to file with the Clerk a letter or other written response signed by Petitioner advising the Court of the **exact claims** Petitioner wishes to litigate **in this matter**. The Court reminds Petitioner that Petitioner's written response to this Order shall include **all** habeas claims that Petitioner wishes to litigate for the purposes of federal habeas review. Petitioner shall do so by expressly detailing **the federal legal challenge and the factual predicate** he wishes to litigate with respect to each his instant

4

claim. The Court also reminds Petitioner that each such instant claim shall substantially correspond, in its federal challenges and in its factual predicate, to the claim Petitioner raised before all levels of the state court (either on direct appeal or during Petitioner's post-conviction review proceedings);[1] and it is finally

ORDERED that the Clerk shall serve this Order upon Petitioner by certified mail, return receipt requested.

3/22/11

_____

**Peter G. Sheridan**
**United States District Judge**

_____

[1] "Habeas corpus petitions must meet heightened pleading requirements." <u>McFarland v. Scott</u>, 512 U.S. 849, 856 (1994). The Habeas Rules require a § 2254 petition to specify the federal grounds for relief available to the petitioner and state the facts supporting each ground. <u>See</u> 28 U.S.C. § 2254 Rule 2(c) & (d); <u>see also</u> <u>Mayle v. Felix</u>, 545 U.S. 644, 655 (2005). In other words, Petitioner cannot just create a bouquet of "spin-off" versions of the claims he raised before state courts, and then hope that the federal district court sitting in habeas review would select some of these "versions" as Petitioner's federal habeas claims. Petitioner is the sole master of his claims, and it is his determination of which claims he wishes to litigate that would define the issues in this action. "District judges have no obligation to act as counsel or paralegal [even] to <u>pro se</u> litigants." <u>Pliler v. Ford</u>, 542 U.S. 225, 231-32 (2004).